IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARREN C. DEMARIE<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-48-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court is state pro se petitioner Darren C. DeMarie's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, DeMarie's petition should be dismissed as unexhausted.

### I.   Motion to Proceed in Forma Pauperis

DeMarie seeks leave of the Court to proceed in forma pauperis. (Doc. 10.) But DeMarie has already paid the $5.00 filing fee. The motion to proceed in forma pauperis will be denied as moot.

### II.   Background

DeMarie previously filed a petition under § 2254 with this Court challenging the disciplinary proceedings initiated against him at the Montana State Prison.

1

See, *DeMarie v. Michael*, CV-19-65-H-BMM-JTJ. There, DeMarie was advised by the Court that it appeared the claims he sought to advance sounded in a civil rights action 42 U.S.C. § 1983, rather than federal habeas. DeMarie was advised of the difference between the two actions and provided with the court's standard forms for both. See generally, Or., *DeMarie v. Michael*, CV-19-65-H-BMM-JTJ (filed Nov. 5, 2019). In response, DeMarie sought voluntarily dismissal of the action and advised the Court that he intended to seek habeas relief in the state district court. *DeMarie v. Michael*, CV-19-65-H-BMM-JTJ, Mot. (filed Nov. 12, 2019). The matter was dismissed without prejudice. *DeMarie v. Michael*, CV-19-65-H-BMM-JTJ, Or. (filed Nov. 13, 2019).

DeMarie subsequently returned to this Court again seeking habeas relief in relation to purported violations surrounding his disciplinary hearing proceedings. See, (Docs. 1 & 2.) Again, DeMarie was reminded of the difference between § 1983 and § 2254 actions and was directed to file an Amended Petition on the Court's standard form. (Doc. 4.) DeMarie ultimately complied. (Doc. 9.)

In relation to his prison disciplinary proceedings, DeMarie alleges: (1) his right to Due Process was violated when he was not allowed to present evidence, *id*. at 3, ¶ 15(A); (2) his rights to Due Process and Equal Protection were violated when he was found guilty despite a lack of evidence to support the underlying violations, *id*. at 4, ¶ 15(B); (3) his rights to Due Process and Equal Protection

were violated by the erroneous finding of guilt, which resulted in a corresponding loss of liberty and atypical hardship, *id*. at 5, ¶ 15( C); and, (4) the finding of guilty without evidence has resulted in real injury, including continued incarceration and an adverse effect on parole proceedings. *Id*. at 9, ¶ 15(D). DeMarie seeks both declaratory and injunctive relief. (Doc. 9-2 at 2.)

Although DeMarie filed a habeas petition in the state district court which was denied, see, (Doc. 2-1 at 1), DeMarie acknowledges that none of his claims have been presented to the Montana Supreme Court. See e.g., (Doc. 9 at 4, ¶ 15(A)(D); 5, ¶ 15(B)(5); 6, ¶ 15( C)(5); 6, ¶ 15(D)).

**III.   Analysis**

As explained herein, the pending petition should be dismissed without prejudice in order to allow DeMarie to fully exhaust his claims in the state court system. He may return to this Court, if necessary, at a later date.

The federal habeas corpus statute explicitly requires state prisoner to first seek relief in a state forum. Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of DeMarie's petition makes it apparent his claims have not yet been presented to and fully adjudicated by the state courts. While he has sought habeas relief from the state district court, the Montana Supreme Court has not yet laid eyes on DeMarie's claims. Accordingly, there may still remedies available to DeMarie. Because DeMarie has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and DeMarie may return to this Court if and when he fully exhausts the claims relative to his current custody.

//

//

**IV. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

DeMarie has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

**IV. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

DeMarie has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

DeMarie's Motion to Proceed in Forma Pauperis (Doc. 10) is DENIED as moot.

## RECOMMENDATION

1. The Amended Petition (Doc. 9) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. DeMarie may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. DeMarie must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of December, 2020.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge